## PORTER *vs.* HOOPER & *al.*

*Assumpsit* for *use and occupation* will not lie where the relation of landlord and tenant does not exist.

Thus, where the joint owners of a saw mill, excepting P., who refused to unite with them for that purpose, rebuilt the mill — and the former retained and used P's share to reimburse themselves for expenses incurred for him in rebuilding it — refusing to give him possession thereof when demanded, and claiming a right to hold until fully reimbursed — it was held, that P. could not maintain assumpsit against them for use and occupation, there having been no *contract* between them, either *express* or *implied.*

THIS was an action of *assumpsit* for the use and occupation of *eight days* in a certain saw mill. It was proved that the plaintiff owned the above proportion of the mill, and that the defendants had occupied the same for a considerable part of the time alleged in the writ. It appeared that the mill had been rebuilt in 1827, by all the owners excepting *Porter,* who had neglected to contribute his proportion of the expense of rebuilding, or any part of it; and that the defendants claimed a right to hold and occupy said *eight days,* as a committee of the owners, for the purpose of reimbursing themselves the said *Porter's* just share of the expense which had been incurred, but no account of such expenses were exhibited or proved. It was also in proof that *Porter,* at one time during the occupancy by the defendants, demanded of one of them the possession of said *eight days,* but he refused to give up the same, the expenses not then having been reimbursed, but said the same should be given up as soon as such expense should be reimbursed and not before, and accordingly in the fall of 1831 it was delivered up to him.

There was no proof that the defendants had been chosen a committee, nor of any proceedings under the statute in rebuilding said mill; — but they claimed to act as such in withholding and possessing *Porter's* share for the above purpose.

Upon this evidence, the *Chief Justice* instructed the jury that to entitle the plaintiff to recover, they must be satisfied by the evidence in the case, that the defendants occupied the said *eight days* under *a contract* with *Porter,* either *express* or *implied;* — and that it was for them to decide from the facts proved, whether

Porter *v.* Hooper & al.

the defendants did so occupy, or *against the permission or consent* of the plaintiff. That the possession of one tenant in common was presumed to be for the benefit of the co-tenants, but that such presumption might be rebutted and done away by proof that the fact was otherwise.

The jury returned a verdict for the defendants, on which, judgment was to be rendered if the above instructions were correct; if they were not, the verdict was to be set aside and a new trial granted.

*Longfellow,* for the plaintiff.

When a co-tenant occupies more than his share, it is presumed to be so done by the *consent* of his co-tenants; and in such case the law will imply a promise to pay for the excess. And it is to be presumed that the defendants thus occupied in the present case. The plaintiff therefore having proved title, and the occupancy of the defendants, was entitled to recover, unless they could show that they occupied in some *other way.*

The statute having pointed out the mode in which owners of mills may proceed to rebuild, and compel all to unite, or coerce a payment of each one's share of the expenses incurred, by retaining the mill when built, they can resort to no other mode with the same consequences attached. Here none of the statute requisitions were shown; — no notice, — organization of meeting, — choice of clerk, committee, &c. — no account of expenses incurred. The defendants, therefore, are liable to the claim of the plaintiff for a reasonable compensation for the use of his mill.

*W. Goodenow,* for the defendants, in support of the position, that to maintain *assumpsit* for *use and occupation,* the relation of landlord and tenant must exist, cited, *Sargent* v. *Parsons,* 12 *Mass.* 149; *Wyman* v. *Hook,* 2 *Greenl.* 337; *Little* v. *Libby,* 2 *Greenl.* 242; *Whiting* v. *Sullivan,* 7 *Mass.* 107; *Jewett* v. *Somerset,* 1 *Greenl.* 125.

MELLEN C. J. — This is an action of assumpsit for the use and occupation of eight days in a certain saw mill, in *Biddeford.* The writ contains also a count for money had and received. From the facts reported we are satisfied that the evidence of the plaintiff's ownership, as alleged, is sufficient. The only question,

as to the first count, is whether the defendants did occupy and hold under the plaintiff, as he has alleged: or, in other words, whether the relation of landlord and tenant subsisted between him and them, during any part of the period mentioned. To maintain an action for use and occupation there must be proof of a promise *express* or *implied*. *Little* v. *Libbey*, 2 *Greenl.* 242; *Wyman* v. *Hook*, *Ib*. 335. The question whether there was any such promise, was properly submitted to the jury, and by their verdict they have found that there was no such promise. It appears from the plaintiff's own witness, that when he demanded of the defendants, possession of the eight days which are in question, they expressly declared that they held and occupied the same under the proprietors of the mill, for the purpose of obtaining a reimbursement of the amount expended by the proprietors in rebuilding the plaintiff's share of the mill: that they, the defendants, also declared that they would not surrender to him the possession of his part of the mill till such reimbursement should be realized, but that they would surrender the same to the plaintiff, as soon as it should be so realized and obtained: and the same was accordingly so surrendered to him some time before this action was commenced, and he took possession of it, and it is admitted that he has since occupied it. Thus, instead of acknowledging a tenancy under the plaintiff, during their occupation, the defendants expressly denied it, and held in defiance of his claim and demand of possession. Under such circumstances, we are satisfied that the action cannot be maintained on the first count. It is true, that there is no proof that any regular proceedings were ever had by the proprietors under the 12th and 13th sections of *ch.* 45, of the statute for the regulation of mills; or that the defendants were appointed as a committee of the proprietors: still they claimed to act *as such*, and did exclude the plaintiff and hold and occupy the plaintiff's mill, adversely to his claim and rights as owner, for the period and purposes before mentioned. We think the instruction of the Judge was correct, as to the legal presumption when one tenant in common occupies the whole of a piece of real property; but that presumption may always be rebutted by evidence, as it was in the present case. No complaint is made of the instructions of the Judge; and by

Porter *v.* Hooper & al.

the terms of the report, if the instructions were correct, judgment was to be entered on the verdict. On these grounds the verdict ought to be sustained. But at the argument (though not at the trial before the jury) it was contended, that the plaintiff was entitled to recover on the second count, for money had and received. On this point the only proof is the occupation of the eight days, and the receipt of the income of the same during such occupation, by way of reimbursing them the amount expended in rebuilding the plaintiff's part of the mill; — they have *received* no more than they *expended;* at least it does not appear that they have received any more. It is true that what they expended was for the plaintiff's essential advantage, though it was so expended without his previous promise of payment or assent: but he has taken possession of the mill and occupied it, which operates as a ratification of what they had done. The defendants built his share of the mill, and he has accepted it and availed himself of all the advantages of their labor and expenditures, and thus a promise of payment was by law implied ; and the defendants have, by receiving the *income* to the amount of the *expenditure,* availed themselves of the benefit of that promise, and thus balanced the account. We do not mean in this opinion to say, that if the defendants expended more than was necessary or proper in rebuilding the plaintiff's share, or received from the income of the same more than was expended, it may not be recovered : — but the case before us discloses no facts which have a tendency to shew any balance in the defendants' hands. The witness of the plaintiff proved that the defendants claimed no more than they had expended, and surrendered the possession of the mill to the plaintiff, when they had received it.

*Judgment on the verdict.*