## THOMAS GOULD vs. SAMUEL THOMPSON.

A. made an oral agreement for the purchase of B.'s house, advanced the purchase money, and took possession : Before A. obtained a deed, the house was destroyed by fire, and he thereupon vacated possession of the ground, refused to accept a deed which B. tendered him immediately after the fire, and commenced a suit against B. in which he recovered back the purchase money. *Held,* that A., during his occupation of the house, was tenant at will, and that he was liable to B. in an action of assumpsit for use and occupation. *Held also,* that A., by refusing to accept a deed from B., determined the tenancy at will, and was no longer liable to him for use and occupation.

ASSUMPSIT on an account annexed to the writ, in which the plaintiff charged the defendant, as debtor for 11⅝th quarters of rent of an estate on Salem Street, Boston — $887·50.

The following facts appeared in evidence, or were admitted at the trial : On the 8th of May 1835, the plaintiff (who owned a house and lot on Salem Street) and the defendant made an oral agreement for the sale of said house and lot to the defendant for $3700. The premises were under a mortgage, and the plaintiff agreed to remove it, and to give the defendant an unincumbered title. On the 14th and 16th of May, the defendant paid the plaintiff $3700. In the forenoon of the 18th of May, the plaintiff paid off the mortgage, and in the afternoon of the same day, before the plaintiff had offered to the defendant a deed of the estate, the house was entirely destroyed by fire. The plaintiff afterwards, on the same day, offered a deed to the defendant, who refused to take it — alleging that the plaintiff could not then convey the property contracted for. On the 13th of June 1835, the defendant commenced an action against the plaintiff, to recover back the purchase money which he had paid for the house ; and after trial, he recovered judgment, in this court, at March term 1838. (See 20 Pick. 134.)

On the 14th of May 1835, after the defendant had paid part of the purchase money, he went into the house, and superintended some repairs thereof ; and on the 18th of the same May, he removed his furniture, &c. into the house, and had just completed such removal when the fire took place.

On the 4th of May 1838, the plaintiff went upon the lot, and

declared, in the presence of two witnesses, that he took pos
session of it.   This, however, was not known by the defendant;
and the occupation of the lot was of no value, till another build
ing was erected thereon.

Immediately after the fire, a controversy arose between the
plaintiff and defendant on the question who should bear the loss.
It did not appear in evidence that either of them exercised any
act of ownership or possession of the lot, after the fire, till after
the decision of the defendant's aforesaid suit against the plaintiff,
for the recovery of the purchase money.

The jury were instructed that they " must decide whether
the relation of landlord and tenant ever existed between the
parties after the fire, and that if they found that such relation
existed, they should give their verdict for the plaintiff for such
sum as the use of the tenement was worth to him, and that the
measure of damages was not what it was worth to the defendant :
That although the defendant took possession of the tenement, on
a contract of purchase and sale, yet as that contract was re-
scinded by the fire, the defendant became tenant, from his entry,
and as such was liable to pay the rent : That as the defendant
had possession of the house from the 14th to the 18th of May,
and was in by the plaintiff's consent, and removed his goods
into the house on the 18th, he was the plaintiff's tenant :   That
the relation of landlord and tenant existed between them, at least
from the 14th to the 18th of May."

The defendant requested the judge to charge the jury, " that
if a tenant hold a house, which is in good order, either as tenant
at will or sufferance, and if the house, by fire, or other cause,
for which the tenant is not responsible, be totally destroyed, or
rendered untenantable, and the owner have knowledge of it, then
the tenant would be discharged from liability to pay rent there-
after :   And also to charge, that if one take possession of a
house, on a contract of purchase, which afterwards cannot be
completed, because of defect of title, he cannot be charged on
an implied assumpsit for use and occupation."   The judge de-
clined so to charge.

The jury returned  a verdict for the plaintiff for $ 308

Whereupon the judge requested them to find specially what was the value of the use of the house, from the time the defendant took possession of it till it was destroyed by fire ; and they found it to be four dollars.

The defendant moved for a new trial : 1st, for the misdirection of the judge, and for his refusal to direct as requested. 2d. Because, if the defendant, on the evidence, was liable for rent at all, the verdict could not be sustained for more than the four dollars.

*Peabody*, for the defendant. The relation of landlord and tenant did not exist after the fire, and the jury should have been so instructed. It was a question of law, which should not have been submitted to them.

The true rule of damages was not the worth to the plaintiff, as was stated to the jury ; but the benefit received by the defendant from the occupation. *Fitchburg Cotton Manuf. Corp.* v. *Melven*, 15 Mass. 270. *Hearn* v. *Tomlin*, Peake's Cas. 192. *Edwards* v. *Etherington*, Ry. & Mood. 269. If a tenant receives no benefit, the landlord is entitled to no pay. *Salisbury* v. *Marshal*, 4 Car. & P. 65. *Richardson* v. *Hall*, 1 Brod. & Bing. 54. 3 Kent Com. (3d ed.) 464. 3 Stark. Ev 1520. *How* v. *Kennett*, 3 Adolph. & Ellis, 659.

The plaintiff cannot recover even the four days' rent. Where one enters under a contract of sale which is not executed, assumpsit for use and occupation will not lie. *Smith* v. *Stewart*, 6 Johns. 46. *Bancroft* v. *Wardwell*, 13 Johns. 489. *Kirtland* v. *Pounsett*, 2 Taunt. 145. *Keating* v. *Bulkely*, 2 Stark. R. 419. 3 Stark. Ev. 1517, 1519. *City of Boston* v. *Binney*, 11 Pick. 1. 1 U. S. Digest, Assumpsit, 131.

*S. D. Parker*, for the plaintiff. The action for the defendant's occupancy for four days is well maintained, as he was a tenant at will, or at sufferance, and not a trespasser. 4 Kent Com. (3d ed.) 114. *Keay* v. *Goodwin*, 16 Mass. 4. *Doe* v. *Lawder*, 1 Stark. R. 308. *Right* v. *Beard*, 13 East, 210. *Jackson* v. *Bradt*, 2 Caines, 174. *Doe* v. *Miller*, 5 Car. & P. 595. *Doe* v. *Jackson*, 1 Barn. & Cres. 455. The decisions cited from 2 Taunt. and from 6 & 13 Johns. do not apply

to this case, as they turned on the *St.* 11 Geo. II. *c.* 19, which was never in force in this Commonwealth.

The fire did not change the relation of the parties, and nothing was afterwards done to terminate the defendant's tenancy. He therefore continued liable to pay rent. Cruise's Digest, Tit. 9, *c.* 1, §§ 16 – 21. *Fowler* v. *Bott*, 6 Mass. 63. *Belfour* v. *Weston* and *Doe* v. *Sandham*, 1 T. R. 310, 705. *Holtzapffel* v. *Baker*, 18 Ves. 115: 4 Taunt. 45. *Hare* v. *Groves*, 3 Anst. 687. *Izon* v. *Gorton*, 7 Scott, 537. *S. C.* 5 Bing. N. R. 501.

*Peabody*, in reply. In the cases cited, where it was held that rent was recoverable after the destruction of the tenement, there was either a covenant to pay rent, or the defendant was tenant for years. They are therefore not applicable to a tenant at will or at sufferance.

SHAW, C. J. Although in form this is indebitatus assumpsit on an account annexed, yet the charges in the account are for rent ; and there being no lease, the only ground on which it can be sustained is that of a *quantum meruit* for use and occupation, to recover a reasonable satisfaction for the use of the premises. Whether the *St.* of 11 Geo. II. *c.* 19, giving an action of assumpsit for use and occupation, is in force in this Commonwealth, as statute law, we think it unnecessary to decide ; the court being of opinion, that by a long course of practice, which must now be considered as the common law of the State, that action may be maintained for rent not reserved by deed. *Codman* v. *Jenkins*, 14 Mass. 93.

Several cases were cited to prove that assumpsit would not lie for use and occupation, where the purchaser had entered under a parol contract of sale which had failed. In *Kirtland* v. *Pounsett*, 2 Taunt. 145, it was argued by counsel, that there was no demise, express or implied, arising from such use of premises agreed to be sold, and of which the vendee takes possession under permission of the vendor. The cause, however, was not decided on that ground, but on the ground, that the use of the purchase money, which had been advanced, was intended and must be presumed to be a compensation for the use and en

joyment of the premises.    But in the subsequent case of *Hull*
v. *Vaughan*, 6 Price, 157, where the foregoing case was review-
ed, it was decided, on great consideration, overruling the direc-
tion of the judge at Nisi Prius, that where the relation of land-
lord subsisted by any contract, express, or implied by law, the
action of assumpsit for use and occupation would lie ; and that
such contract would be implied from the actual occupation and
enjoyment of the premises, by permission of the owner, or other
person having the power of disposal, when such use and occupa-
tion had been beneficial.

The case of *Boston* v. *Binney*, 11 Pick. 1, implies that as-
sumpsit for use and occupation will lie, where one holds lands
beneficially, by the permission of the owner.    It did not lie in
that case, because the defendant, during all the time for which
the rent was demanded in the action, held adversely to the title
of the plaintiffs.

In the present case, it appears that the defendant entered in
to a parol agreement to purchase the house and lot of the plain-
tiff, of which the house constituted the chief value ; that the
defendant paid the amount of the agreed purchase money in ad-
vance ; that by permission of the vendor, the purchaser entered
and took possession ; but that in about four days, and before
the contract was executed by the delivery of the deed, the
house was destroyed by fire.    Upon an action brought to re-
cover back the purchase money, this court held, that as no deed
had been given at the time of the fire, the house was at the
risk of the vendor ; that the loss was his loss ; that the pur-
chaser was not bound to accept a deed of the land only, after
the destruction of the house ; and that he had a right to recover
the purchase money, as money paid on a consideration which
had failed.    *Thompson* v. *Gould*, 20 Pick. 134.    Then the
question arises, upon these facts, whether the purchaser was, at
any time, and if so, for what term of time, the tenant of the
vendor and owner.    And the court are of opinion, that when
the defendant thus entered, he became tenant at will of the
owner.

When one enters on land, to use and occupy it, with the con-

sent and permission of the owner, but for no definite time, he is tenant at will.   Where, at common law, one makes a feoffment and delivers the deed, without livery of seizin, the feoffee is tenant at will.   Co. Lit. 56 *b*.   In the case at bar, the possession was given under an expectation that a deed would be given ; but it was uncertain whether a deed would ever be given. In fact, in consequence of an unforeseen event, none ever was or could be given ; and therefore the purchaser, in the mean time, was the tenant at will of the owner.   Had the deed in fact been given, pursuant to the parol agreement, then the tenancy at will would be considered as merged in the executed contract, which, by its terms, would relate back to the time that possession was given under that agreement.

The next material question is, when this tenancy at will terminated.

The purpose for which the defendant entered was, to use and occupy the estate, temporarily, until the title could be completed, and then permanently.   But by the destruction of the building, that purpose was wholly defeated, as it was afterwards adjudged.   The tenement became useless to him, and he immediately vacated the possession of it.   He refused to accept a deed when tendered to him, by the owner, which was notice to the owner that he no longer intended to take the title, in the expectation of completing which, he had entered ; and he shortly after brought his action to recover back the purchase money. This appears to us decisive evidence of the determination of his will at the time of the fire, and notice thereof to the owner, and that the tenancy at will cannot be extended beyond that time.

The plaintiff therefore is entitled to judgment for the four days' rent found by the jury.*

---

* See *Howard* v. *Shaw*, 8 Mees. & Welsb. 118.  *Packer* v. *Gibbins*, 1 Adolph & Ellis N. R. 421.