# Rogers *versus* Libbey.

In a subsequent action between the same parties, it is competent for either party, in order to raise an estoppel, to prove, by parole, what was the ground of decision in the former suit, when the same is not apparent by the record.

An estoppel is created, if the ground, relied upon in the second suit, was directly decided in the first.

Assumpsit for use and occupation, although the plaintiff's title be established, cannot be sustained, except upon proof, express or implied, that the defendant recognized such title and occupied under it.

On Report from the *District Court*, Cole, J.
Assumpsit.

A house, built upon land owned by a third person, was occupied by the defendant. While he was so occupying, it was sold upon an execution against him, in 1847, and with his knowledge, was purchased by the plaintiff. The defendant continued to occupy it, refusing to pay rent to the plaintiff, and alleging that the ownership was in one Sweetser.

In 1849, the plaintiff brought trover against the defendant

for the conversion of the house. At the trial of that suit, the defendant introduced evidence to prove that the house was the property, not of the plaintiff, but of Sweetser. The verdict and judgment were for the plaintiff.

The present suit is for the use and occupation prior to the commencement of the suit in trover. The defendant offered the same evidence, which he used in that action, in relation to the ownership. It was objected to on the ground that the title had been already settled in that action, between the same parties, in which, (as the defendant admits,) the evidence now offered was used by him.

The defendant also contends that this suit is unmaintainable, on the ground that the relation of landlord and tenant never existed between the parties, and that no promise to pay can be implied.

By consent of parties, the case was reported for the adjudication of the Court upon the legal questions, 1st, whether, by the former verdict and judgment, the defendant is estopped to deny the plaintiff's title; and 2d, whether, from the facts stated, the law will imply a promise by the defendant to pay for the use and occupation.

*Poor & Adams*, for the plaintiff.

1. The defendant is estopped, by the former judgment, to deny the plaintiff's title. *Chase* v. *Walker*, 26 Maine, 555.

2. The defendant having enjoyed the use and occupation of the plaintiff's property, the law will imply an undertaking on his part to pay a reasonable compensation. *Slade* v. *Morley*, Yelverton, 21; Chit. on Con. 6, and note; *Bowes* v. *Tibbetts*, 7 Maine, 459; *Weston* v. *Davis*, 24 Maine, 375; 2 Greenl. Ev. 108; 3 N. H. 384.

*A. W. True*, for the defendant.

1. The defendant is not estopped to deny the plaintiff's title. Estoppel must be certain *to every intent.* It is not *the recovery*, but *the matter alleged* by the party, and *upon which the recovery proceeds*, which creates the estoppel. It must be the matter of fact put in issue. Co. Litt. 352, a; 1 Greenl. Ev. 22; Bou. Law Dict. (Estoppel,) Matter of record; 4

Rogers *v.* Libbey.

Kent's Comm. 261; *Outram* v. *Morewood,* 3 East, 355; *Boies* v *Witherell,* 7 Greenl. 162.

How can we be precluded to prove title in a third person, under whom we occupied? Would not such proof shut out any implication of a promise by us to pay the rent to the plaintiff?

Neither in the former suit nor in this, did the defendant set up title in himself. The judgment there did not settle the title. Sweetser is the true owner, and we must pay rent to him.

2. The relation of landlord and tenant never existed between these parties. There was no privity of contract. The defendant always denied the plaintiff's title. There is nothing from which to imply a promise.

The action of trover, in itself, admits the plaintiff's possession to have rightfully obtained.

Howard, J. — The plaintiff brought trover for a dwelling-house, against the defendant, and recovered upon the general issue. It is admitted, that the defendant then contested the title of the plaintiff, and alleged and attempted to prove that it was in Sweetser, under whom he claimed to occupy; that the whole matter was submitted to a jury who found for the plaintiff, and that judgment was rendered accordingly for him, in this Court. To this suit, which is for rent of the same house prior to the time of the conversion, the defendant now alleges and offers to prove, the same matter in defence, and the first point presented by the report is, whether he is estopped to deny the title of the plaintiff.

The judgment of a Court having jurisdiction, is conclusive between the parties, upon the matters submitted, and they are estopped to present them again for decision, in another suit *inter se.* And it is competent for a party to prove by parole the grounds of decision, when not apparent of record, in order to raise the estoppel. *Outram* v. *Morewood,* 3 East, 365; 1 Phillip's Ev. 242–246; *Chase* v. *Walker,* 26 Maine, 555; *Garder* v. *Buckbee,* 3 Cow. 125; *Wood* v. *Jackson,* 8 Wend. 31–47; *Adams* v. *Barnes,* 17 Mass. 365.

The defendant is, therefore, estopped to deny the title of the plaintiff to the dwellinghouse, at the time of the conversion.

But we are satisfied that this action cannot be maintained. By the facts agreed, it does not appear, that the relation of landlord and tenant ever existed between the parties. The action of trover was for the *conversion* of the dwellinghouse, and does not assume that the defendant came wrongfully by it, but supposes that he might have come by it lawfully. By bringing that action, the plaintiff must be regarded as waiving all supposed trespasses and wrongs caused by the occupation of the defendant prior to the conversion. There is no proof of an express promise to pay for the rent or use of the building during that time, and none can be implied from the facts and circumstances proved. 1 Chit. Pl. 148 ; *Cooper* v. *Chitty,* 1 Burr. 31. *Plaintiff nonsuit.*

Shepley, C. J., and Tenney, Wells and Appleton, J. J., concurred.