## JOHN GODDARD *versus* HARRISON HALL.

Assumpsit for use and occupation can only be maintained by proof of a promise, express or implied.

It cannot be maintained against a disseizor.

A judgment upon a writ of entry negatives the existence of the relation of landlord and tenant between the parties.

ON REPORT.

APPLETON, C. J. — This is an action of assumpsit for the use and occupation of certain premises belonging to the plaintiff. It can only be maintained by proof of a promise express or implied.

It appears that the plaintiff, on Jan. 24, 1863, brought a writ of entry against the defendant for the lot in question, upon which judgment was rendered in his favor at the October term of the Supreme Judicial Court, 1864, and a writ of possession issued thereon the first day of November following. It does not appear that the writ of possession has ever been served, that the plaintiff has entered on the demanded premises, or that, since the judgment, the defendant has ever promised payment.

The writ embraces a claim for rent accruing prior and subsequent to the date of the writ of entry.

The plaintiff might have recovered in his writ of entry the rents and profits up to the date of his writ, had he seen fit so to declare.

As the plaintiff elected to consider the defendant a disseizor and recovered judgment against him as such, we must so regard him. The relation of a disseizor negatives that of landlord and tenant. The plaintiff has never entered under his writ of possession. There is no express promise proved since the date of the writ of entry. The facts negative an implied one. The plaintiff should have inserted in his writ of entry a claim for mesne profits, accruing before its date, and for those, arising since an action of trespass

for mesne profits is the appropriate remedy after posses-
sion has been regained.  *Larrabee* v. *Lumbert*, 34 Maine,
79; *Larrabee* v. *Lumbert*, 36 Maine, 440.

*Plaintiff nonsuit.*

KENT, WALTON, BARROWS and DANFORTH, JJ., concur-
red.

*S. E. Benjamin and S. F. Humphrey*, for the plaintiff.

*A. Sanborn*, for the defendant.