SIMON PAGE *vs.* JOHN F. McGLINCH *et al.*

*Capacity to sue admitted by general issue. Landlord and tenant—how that relation arises.*

That one who sues as surviving partner has not given the bond required by law must be pleaded in abatement, to defeat the action, since a plea of the general issue admits the plaintiff's right to sue in the capacity stated in his writ.

The father of the defendants, for several years preceding his death, used a water power under a lease from the plaintiff, and the defendants continued their father's business after his death, and to use this water power therein in the same manner he did; *held*, there being nothing to repel the presumption thence naturally arising, that a jury would be justified in finding that the defendants went into possession under the letting to the father, and kept it as his successors or assigns, by permission of the plaintiff; and that a nonsuit, upon this state of the facts, was improperly ordered.

The law refers a possession rather to a rightful than to a wrongful title; hence, in the absence of evidence to the contrary, it will presume in a case like the present, that the defendants are privy to the term granted to their father; if their possession was referable to some other title, it was for them to show it, for this must be a matter lying within their own knowledge.

Page v. McGlinch.

The correct doctrine seems to be that, in such cases, a contract may be implied, so long as it is left to mere implication to determine whether the occupation is with or without the assent of the owner, and whether it is in submission to his title or adverse.

It was competent for the plaintiff to introduce in evidence the lease to the father, to explain the use and occupation of the defendants upon some other theory than that of disseizin.

ON REPORT.

ASSUMPSIT upon an account annexed, brought by the surviving member of the firm of Stickney & Page, for the use and occupation of a water power under the circumstances detailed in the opinion. After the facts there stated had been elicited, the presiding justice directed a nonsuit, which was to stand if the action could not be maintained upon the evidence, and was to be taken off if these facts would support the action.

*Baker & Baker*, for the plaintiff.

This court has recently decided that a failure to file a bond as surviving partner must be plead in abatement or the objection will be waived. Yet this was probably the ground of the nonsuit.

The law will, generally, imply the existence of a tenancy where there is an ownership of land on one hand, and an occupation by permission on the other. Taylor's Lan. & Ten., § 19; Woodfall's Lan. & Ten., 654 and 655, and cases there cited.

The lease was for an indeterminate period, at an annual rent. This created a tenancy from year to year, which does not terminate with the death of either party. 1 Washb. on Real Prop., *383, *391; Comyn's Dig., Lan. & Ten., 286; *Doe* v. *Potter*, 3 T. R., 16.

Even were the defendants' possession tortious, the plaintiff might waive the tort and bring assumpsit for use and occupation. Woodfall's Lan. & Ten., 647; 3 Starkie's Ev., 1517; *Church* v. *Imperial Gas Co.*, 6 Ad. & El., 854; *Ibbs* v. *Richardson*, 9 Ad. & El., 853.

*G. C. Vose*, for the defendants.

This action must be grounded upon the relation of landlord and

tenant, existing by some agreement, express or implied. Taylor's Lan. & Ten., 294; *Bancroft* v. *Wardwell*, 13 Johns., 491; *Long-fellow* v. *Longfellow*, 54 Maine, 240; *Goddard* v. *Hall*, 55 Maine, 579; *Rogers* v. *Libbey*, 35 Maine, 200.

Mere ownership on one hand, and occupation on the other, is not sufficient to maintain assumpsit. *Porter* v. *Hooper*, 11 Maine, 170. No presumption of an agreement can arise from the lease to Isaiah McGlinch, since that is *res inter alios acta* as to us, and cannot bind these defendants.

They did not succeed their father—theirs was not a continuance of his possession—but one Sallie McGlinch, succeeded him and the plaintiff recognized the possession and tenancy, and sued her for rent.

In cases like this a tort cannot be waived and assumpsit maintained. *Ryan* v. *Marsh*, 2 Nott & McCord, 156; *Henwood* v. *Cheek*, 3 Sergt. & Rawle, 500.

BARROWS, J. This action of assumpsit for the use and occupation of certain water power on the Vaughan brook, from April 1, 1867, to May 1, 1869, comes before us on a report of the evidence offered by plaintiff tending to show the following state of facts. The action is brought by Simon Page, surviving partner of the firm of Stickney & Page, who owned the right to use the water, and in 1859 leased their surplus to the amount of thirty-six inches or more to Isaiah McGlinch by a written lease under seal for an indefinite term, McGlinch agreeing to pay for the use of the water "at the same rate and in the same ratio under the same head that Holmes & Robbins pay Robert H. Gardiner" for the use of water from the dam on the Cobbossecontee stream. Isaiah McGlinch, after the lease, used the water and paid rent for some years, though, owing to other transactions between the parties and by reason of mutual accommodation, not at the rate specified and not exceeding ten dollars a year. But he never surrendered his holding and died in 1867 with the rent somewhat in arrear. The defendants are his sons and after his death continued to carry on his

business and use the water during the time covered by the writ, never gave any notice of an intention to surrender to the plaintiffs and have never paid any rent. Stickney, the plaintiff's partner, died in 1868. It does not appear that the plaintiff has given bond as surviving partner. He brought a suit in 1870 against Sallie McGlinch, as administratrix of Isaiah, for the use of the water, but discontinued it, not having given the notice to the administratrix required by the statute before its commencement. He now presents testimony to show the amount of rent payable by the terms of the lease, and also testimony showing what the use of the water is fairly worth, and claims to recover against these defendants for the use of water during the time in which they occupied jointly after their father's death.

Assuming that the whole case is here truly presented, we think the plaintiff has shown enough to entitle him to judgment. The objection to his right to recover for want of proof that he has given the bond required by statute from a surviving partner, not having been taken in abatement, cannot avail to defeat his suit. *Strang* v. *Hirst*, 61 Maine, 9.

It is true, as contended by the defendants, that this action of assumpsit for use and occupation must be supported by such evidence as will show the existence of the relation of landlord and tenant between the parties, or that the defendant held the possession under such circumstances as will estop him from denying the existence of such relation:—in other words that the action can be based only upon a promise either express or implied, and that it cannot be maintained against a disseizor. *Goddard* v. *Hall*, 55 Maine, 579: *Rogers* v. *Libbey*, 35 Maine, 200; *Porter* v. *Hooper*, 11 Maine, 170. But we are of the opinion that, in the absence of testimony to repel the presumptions naturally arising from the evidence produced on the part of the plaintiff, the jury would be justified in finding that the defendants went into possession under the letting by the plaintiff to their father and kept it as his successors or assigns by permission of the plaintiff. In *Doe* v. *Merless*, 6 M. & S., 110, approved in *Doe* v. *Williams*, 13 E. C. L.

R., 105, it seems to have been held that "the defendant being in possession, the law will refer that possession to a rightful rather than a wrongful title, and there is a course through which that title may be fully derived, viz: by supposing the defendant to be privy to the term granted to his father:" and that "if his possession was referable to some other title, it was for him to show it, for this must be a matter lying within his own knowledge."

In truth the correct doctrine seems to be that in such cases a contract may be implied so long as it is left to mere implication to determine whether the occupation is with the assent of the owner and in submission to the legal title.

In the cases cited by defendant it was made to appear that the occupation was adverse to the plaintiff's title. It was competent for the plaintiff, in showing his title to and control of the premises, to put in evidence the lease to the father of the defendants, and it tended to account for the subsequent use and occupation by the defendants who succeeded to their father's business upon some other theory than that of disseizin.

It is not necessary now to pass upon the effect of that lease, or to determine whether the holding under it terminated with the death of Isaiah McGlinch.

The abortive attempt to collect the rent of their father's administratrix is not so entirely inconsistent with the idea of an implied promise on the part of the defendants as to justify the ordering of a nonsuit. *Case to stand for trial.*

APPLETON, C. J., CUTTING, DICKERSON, DANFORTH and VIRGIN, JJ., concurred.