[No. 1333. February 4, 1911.]

FRANK H. MOORE, As Assignee of the Estate of Charles Zeiger, Insolvent, Appellee, v. WESTERN MEAT COMPANY, Appellant.

SYLLABUS (BY THE COURT).

1. Where title to real estate is shown in the plaintiff, together with the fact of occupation by the defendant, the law will refer that possession to a rightful rather than a wrongful title, and, where nothing more is shown, the relation of landlord and tenant will presumed, and a contract for rent implied.

2. The defendant and its predecessor, claiming possession of real estate under an unauthorized contract to purchase made with an assignee of an insolvent estate, are chargeable with knowledge of the fact that such contract was a nullity, and, having used and occupied the premises thereunder, are liable for the reasonable rental value in a suit for use and occupation of such premises.

3. The request of the defendant in the trial court for leave to amend its answer by pleading a set-off to the cause of action alleged in the complaint, made after a jury had been empaneled and all of the evidence had been introduced, and both plaintiff and defendant had moved for an instructed verdict, was properly denied.

4. When each party asks the court to instruct a verdict in its favor, it is equivalent to a request for a finding of facts, and, if the court directs the jury to find a verdict for one of them, both are concluded by the finding made by the court upon which the resulting instruction of law was given and this court is limited on appeal to a consideration of the correctness of the finding on the law, and must affirm if there is any substantial evidence in support thereof.

Appeal from the District Court for the County of Bernalillo, before IRA A. ABBOTT, Associate Justice. Affirmed. Motion for rehearing denied.

E. W. DOBSON, H. P. OWEN and GEORGE S. KLOCK
for Appellant.

The mere fact that one is in possession of the lands
of another does not of itself, establish a tenancy. The
conventional relation of landlord and tenant is wanting.
McAdam on Landlord and Tenant, vol. I, 3 ed., sec. 42;
Bancroft v. Wardwell, 13 Johns, N. Y. C. L. Rep. 439;
Smith v. Stewart, 6 Johns, N. Y. C. L. Rep. 46; West
v. Smith, 8 How., U. S. 412; Lloyd v. Hough, 1 How.,
U. S. 157; Croswell v. Crane, 7 Barb. Rep. N. Y. 192;
Hill v. U. S., 149 U. S. 598; Carpenter v. U. S., 17 Wall.
489; Kirtland v. Pounsett, 2 Taunton 145; Sylvester v.
Ralston, 31 Barb., N. Y. 286; Preston v. Hawley, 101
N. Y. 587; Knox v. Spratt, 19 Fla. 817; Bardley's Appeal,
Pa. S. C., 10 Atl. Rep. 40; Central Mills v. Hart, 124
Mass. 125; Flood et al v. Flood, 83 Mass. 217; City of
Boston v. Binney, 28 Mass. 1; M. H. & O. Ry. Co. v.
Harlow, 37 Mich. 554; Dalton v. Laudahan, 30 Mich.
349; Dixon v. Ahern, 14 Pac. 599; Ramsbottom v. Bailey,
56 Pac., Cal. 1036; Phillips v. Stewart, 87 Mo. App.
487; Young v. Rees, 145 Mo. 264; Harris v. Frink, 2
Lans., N. Y. 35; 4 Sutherland, Code Pleading, Practice
and Forms, sec. 6654; O'Connor v. Corbett, 3 Cal. 320;
Espey v. Fanton, 5 Ore. 423; Lankford v. Green, 52 Ala.
103; Atkins v. Humphrey, 52 Eng. C. L. 653; Selby
v. Browne, 7 Q. B. 620, 53 Eng. C. L. 620; Belger v.
Sanchez, 137 Cal. 614.

A. B. McMILLEN for Appellee.

Taxes, repairs and insurance disbursed upon the prop-
erty for which rent is claimed, should have been allowed.
Henderson v. Langley, 76 Mo. 288; Shroyer v. Nichols,
55 Mo. 264; Evans v. Snyder, 64 Mo. 516; Sims v. Gray,
66 Mo. 614; Mably v. Nave, 67 Mo. 546; 3 Sutherland on
Damages 349; Savings Bank v. Woodruff, 14 N. M. 502;
in re Zeiger, 15 N. M. 150.

One who occupies the property of another, whether
under contract or tortiously, is liable for the reasonable

rental value of the premises. Wormley v. Wormley, 8 Wheaton 450; Bigler v. Waller, 14 Wallace 297; Union Pacific R. R. Co. v. McAlpine, 129 U. S. 305; Lazarus v. Phillips, 152 U. S. 81; Carpenter v. U. S., 17 Wall. 493; Lloyd v. Hough, 1 How. 545; Hill v. U. S., 149 U. S. 598; Pomeroy's Remedies and Remedial Rights, secs. 572, 573; Bliss on Code Pleading, sec. 154; Warvelle on Ejectment, secs. 526, 530, 540.

The defendant in applying for leave to amend, must give some reasons for his omissions and must show perfect good faith in his application. State v. Homey, 44 Wis. 615; Allen v. Ransom, 44 Mo. 263; Gale v. Foss, 47 Mo. 276; Shemeker v. Thien, 11 Wis. 556.

A mere change from one company to the other, with the same stockholders, the same assets, the same liabilities, and without any agreement would have bound the successor. Williams v. Commercial National Bank, 11 L. R. A., N. S. 857; Atlantic & D. R. Co. v. Johnson, 11 L. R. A., N. S. 1119; Sharpless Co. v. Harding Creamery Co., 11 L. R. A., N. S. 863.

## STATEMENT OF THE CASE.

This is an action brought by the plaintiff as assignee against the defendant to recover for the use and occupation of certain premises belonging to the plaintiff, held and occupied by the defendant from September, 1903, until March, 1908. The plaintiff's amended complaint alleges the ownership of the premises in one Weaver, the former assignee of the estate of Charles Zeiger, insolvent, and then in the plaintiff, Frank H. Moore, as the successor in trust, from September 1, 1903, until March 7, 1908; that the Blanchard Meat and Supply Company, a corporation, and the predecessor of the defendant, on the first day of September, 1903, *entered into the possession of certain* real estate in the County of Bernalillo and Territory of New Mexico; that in June, 1907, the Western Meat Company was organized for the purpose of taking over said Blanchard Meat and Supply Company, and to take over all its properties, including the premises above described, as the successor of said Blanchard Meat and Supply Com-

pany, and did then and there undertake to agree and assume, and did assume, all liabilities of said Blanchard Meat and Supply Company; that the reasonable value for the use and occupation of said premises and the reasonable rental value of said premises, was, during the whole of said period, the sum of $50.00 per month, payable in advance on the first day of each and every month; that demand had been made upon the defendant for payment thereof, and that neither the defendant nor its predecessor had ever paid either Weaver or Moore as assignee the sum or any part thereof. In the prayer for judgment plaintiff prayed judgment for $3067.87, with interest and costs. The answer admits the original appointment of Weaver as assignee and the title in said assignee by virtue of the deed of assignment made by Charles Zeiger, insolvent; admits the resignation of said Weaver as assignee and the appointment of Moore as his successor in trust, and further admits said assignees, Weaver and Moore, were successively the owners of the real estate described, down to the seventh day of March, 1908. The answer further admits that the Blanchard Meat and Supply Company transferred to the Western Meat Company certain of its real and mixed property, but denies turning over all of its property, and denies that in consideration of such transfer that this defendant undertook and agreed to assume all the liabilities of the Blanchard Meat and Supply Company, and particularly the liability existing, if any, for which this action was brought. The answer further admits that the defendant and its predecessor occupied the premises described from September 1, 1903, to the 7th day of March, 1908. By a trial amendment it is also denied that the reasonable value for the use and occupation of said premises and the rental value thereof was $50.00 per month, payable in advance on the first day of each and every month, or any sum whatever, and alleges that the Blanchard Meat and Supply Company, predecessor of defendant, entered into possession under an alleged contract of purchase made and entered into between said Weaver, as trustee, and the said Blanchard Meat and Supply Company, which said contract the defendant and its predeces-

sor were at all times ready and willing to complete and perform. The answer also admits that it did not pay assignee Weaver any rental for said premises or for the use and occupation thereof, admits demand and refusal to pay, and generally denies any liability whatsoever for rent for the reasonable use and occupation of said premises. A further trial amendment was sought and refused by the court during the progress of the trial, whereby the defendant sought to allege, as an offset, the payment of certain taxes and insurance and the expenditure of certain moneys for betterments during the period of its occupancy of the premises. At the conclusion of the testimony for the plaintiff, the defendant demurred to the evidence, and asked that a verdict be directed in favor of the defendant on the ground that the plaintiff had failed to make out a cause of action for use and occupation, contending, among other grounds, that the evidence failed to disclose that the conventional relationship of landlord and defendant tenant had ever existed between the parties or their predecessors. This motion was denied by the court. At the conclusion of the testimony, the defendant renewed its motion for an instructed verdict, which motion was denied, and the court, upon motion by the plaintiff directed a verdict in favor of the plaintiff in the sum of $3358.00, the same being reasonable rental value of the premises at $50.00 per month, with interest on each payment computed from the last day of each month.

## OPINION OF THE COURT.

WRIGHT, J.—The defendant by its assignment of errors sets out seventeen alleged errors, but for the purpose of this appeal the same have been divided into four groups, and will be so considered in this opinion.

1. The first contention advanced by appellants relates to the refusal of the court to direct a verdict in favor of defendant at the conclusion of the plaintiff's evidence, for the reason that the plaintiff had failed to establish the conventional relationship of landlord and tenant between the plaintiff and defendant, which is a necessary element to maintain an action for use and occupation. Counsel

for appellant contends that the plaintiff in the lower court by his complaint and proofs attempts to bring a suit for the use and occupation, while, as a matter of fact, when tested by the rules applicable to such action, neither the complaint nor the evidence supports such cause of action. The complaint alleges ownership in the plaintiff and his predecessor, entry and occupation of the premises by defendant and its predecessors, the rental value of the use and occupation of such premises, demand for payment of rent, and refusal so to pay. The proofs offered by the plaintiff in the first instance are no broader than the allegations of the complaint. The question then arises: Do the facts, as alleged and proven, make out a prima facie case for use and occupation? If so, the complaint and proofs are sufficient, and the court properly denied the motion of defendant for an instructed verdict at the close of plaintiff's testimony. "There are authorities to the effect that one occupying land belonging to another is to be presumed for the purpose of supporting an action for use and occupation to be the tenant of such other, while there are occasional decisions to the contrary that the plaintiff in such action has the burden of showing the relation of tenancy." 2 Tiffany on Landlord and Tenant, sec. 317. Cases supporting the first doctrine: Oakes v. Oakes, 16 Ill. 106; Lathrop v. Standard Oil Co., 83 Ga. 307; Skinner v. Skinner, 38 Neb. 756; Page v. Mc-Glinch, 63 Me. 472; Contra: Preston v. Hawley, 101 N. Y. 586. In the case of Skinner v. Skinner, cited supra, Mr. Justice Regan examines and considers all of the cases cited as in opposition to the doctrine that mere occupancy of the lands of another implies the existence of the conventional relationship of landlord and tenant, and deduces therefrom the following propositions: "1. To sustain an action for use and occupation of real estate the relation of landlord and tenant must exist between the parties, based on agreement, expressed or implied. 2. One in the exclusive possession of real estate of another with the latter's knowledge, in the absence of all evidence on the subject, will be presumed in possession by the owner's permission. 3. That the law, in the absence of all

evidence to the contrary, will imply the existence of the relation of landlord and tenant between two parties where one owns land, and by his permission it is used and occupied by the other. 4. That, if tenant's use and occupation has been beneficial to him, that is sufficient ground from which to imply a promise on his part to pay a reasonable compensation for such use and occupation in the absence of any evidence negativing such promise." In the case of Skinner v. Skinner, the allegations of the complaint when analyzed are practically identical with those of the complaint in the case at bar. In Lathrop v. Standard Oil Co., 83 Ga. 310, the court uses the following language: "True it is that where title is shown in the plaintiff together with the fact of occupation by the defendant, without more, the relation of landlord and tenant is to be presumed, and a contract for rent implied." In Page v. McGlinch, 63 Me. 472, the court says: "It is true, as contended by the defendants, that this action of assumpsit for use and occupation must be supported by such evidence as will show the existence of the relation of landlord and tenant between the parties, or that the defendant held the possession under such circumstances as will estop him from denying the existence of such relation. In other words, that the action can be based only upon a promise, either express or implied, and that it cannot be maintained against a disseizor. Goddard v. Hall, 55 Me. 579; Rogers v. Libbey, 35 Me. 200; Porter v. Hooper, 11 Me. 170. But we are of the opinion that, in the absence of testimony to repeal the presumptions naturally arising from the evidence produced on the part of the plaintiff, the jury would be justified in finding that the defendants went into possession under the letting by the plaintiff to their father, and kept it as his successors or assigns by permission of the plaintiff. In Doe v. Merless, 6 M. & S. 110, approved in Doe v. Williams, 13 E. C. L. R. 105, it seems to have been held that, 'the defendant being in possession, the law will refer that possession to a rightful rather *than a wrongful title,* and there is a course through which that title may be fully derived, viz: By supporting the defendant to be privy to the term granted to his father,' and that, 'if his

possession was referable to some other title, it was for him to show it for this must be a matter lying within his own knowledge.' In truth the correct doctrine seems to be that in such cases a contract must be implied so long, as it is left to mere implication to determine whether the occupation is with the assent of the owner, and is submission to the legal title." The great weight of authority is in favor of the ruling laid down in the case of Skinner v. Skinner, and the case of Page v. McGlinch, cited supra. In the case at bar, therefore, the plaintiff, having proved the allegations of the complaint and rested, made out a prima facie case for use and occupation, and the motion for an instructed verdict at the conclusion of the plaintiff's testimony was properly denied.

The motion for an instructed verdict having been denied, the defendant, by leave of court, amended its answer so as to set out the facts relating to the entry into possession of the premises of the plaintiff by defendant's predecessor, the substance of such allegations being that defendant's predecessor entered into possession thereof and used and occupied the same under a contract of purchase therefor made with plaintiff's predecessors in trust, which contract to purchase the defendant had been at all times ready and willing to perform. It also appears from the evidence that this contract was a nullity because the sale which it attempts was never authorized by the court as required by law. All of the facts were admittedly true, and, at the conclusion of the evidence, defendant renewed his motion for an instructed verdict, contending that the facts as established conclusively proved that the conventional relationship of landlord and tenant did not exist. The question now becomes: Is a vendee of land entering by reason of his contract before the conveyance to him has been executed, in event the contract to purchase is not carried out, to be regarded as a tenant of the vendor, and as such tenant liable for the use and occupation of the premises so entered. An examination of the authorities upon this point shows that there is a distinction made as to whether the failure to carry out the contract is due to the action of vendor or the vendee. The authorities are not uniform, but

the better rule of law would seem to be that an action for use and occupation will lie against the vendee of land entering by reason of his contract before the conveyance to him has been executed, and who, after so entering into possession, refuses or fails to comply with his contract. In these cases the contract or promise to pay rent is inferred from the circumtances. Woodbury v. Woodbury, 47 N. H. 11; 90 Am. Dec. 555; Dewight v. Cutler, 3 Mich. 566; 64 Am, Dec. 105; Gould v. Thompson, 45 Mass. 224. In the case of Woodbury v. Woodbury, cited supra, it is held that the action would lie either for use and occupation or for trespass for mesne profits. On the other hand, in case the contract of sale is not carried out owing to the fault of the *vendor,* as when his title is defective or he refuses to make the conveyance, it is very generally held that the purchaser is not liable for use and occupation. This same rule has also been adhered to when the contract of sale has been rescinded by agreement. Tiffany on Landlord and Tenant, vol. 2, sec. 306, and cases cited. In the case at bar the original contract of sale between the Blanchard Meat and Supply Company and Wiley M. Weaver, as assignee, the predecessor of the plaintiff herein, was made without authority or direction of the court, and was held by this court in a former case entitled: In re Zeiger, 15 N. M. 150, decided by this court in January, 1910, to be a mere nullity. The Blanchard Meat and Supply Company made this contract of sale with Wiley M. Weaver, as assignee of the estate of Charles Zeiger, insolvent, and is chargeable with full knowledge of the powers of such assignee or trustee. In other words, the Blanchard Meat and Supply Company, in the eyes of the law, entered into this contract of purchase with full knowledge of the fact that it acquired no rights whatever thereunder, and the best that can be said of their possession and use and occupation of said premises is that the same was a mere tenancy at will. It cannot be said, however, under any view of the facts that the entry and possession of the Blanchard Meat and Supply Company or the de-

fendant in this case was in any way tortious. The posses-
sion of the defendant being a mere tenancy at will and
the defendant and its predecessor being chargeable
with full knowledge of the powers and limitations of
the original assignee of the estate of Charles Zeiger,
insolvent, and it affirmatively appearing from the testi-
mony that the use and occupation of the premises by de-
fendant was beneficial use and occupation, there neces-
sarily follows an implied contract to pay rent therefor.
Such being the case, the conventional relationship of land-
lord and tenant sufficiently appears for the purpose of sup-
porting an action for the use and occupation of such
premises. There was no error in the action of the court,
therefore, in denying the motion to direct a verdict in favor
of the defendant at the conclusion of all the testimony.

2. The second error complained of by appellant in
its brief is the refusal of the court to permit the defendant
to amend its answer as a trial amendment, setting up as
a set off the payment of certain taxes, insurance and
moneys for repairs and betterments to the premises during
its occupancy thereof. Trial amendments are within the
discretion of the court below, and, unless such discretion
is abused, the refusal to allow such amendments would not
warrant a reversal of the judgment of the lower court.
Savings Bank v. Woodruff, 14 N. M. 502. An examina-
tion of the record in this case shows that the defendant
made his request for a trial amendment after all of the
evidence was in, and both plaintiff and defendant had
moved the court for instructed verdicts. Furthermore,
the defendant made no showing whatever of diligence, and
gave no reason whatever why such matters of defense, if
proper, had not been set out in the original answer. While
it is true that the trial court should always grant reason-
able trial amendments, it can easily be seen that an amend-
ment of this character might seriously embarrass the
plaintiff and prejudice his interests, as matters of this
kind might, and probably would require time for investi-

gation, causing serious delay. In the absence, therefore, of 'any showing on the part of the defendant of why such matters were not included in its original answer, we do not think that the court erred in overruling such request for a trial amendment.

3. The third error assigned is, that it was error for the court to permit the plaintiff to compute interest in advance on the amount claimed to be due monthly, with interest on each accruing installment of alleged ·rent. An examination of the record discloses that, while the first computation of interest was based upon payments due in advance, the court, expressing a doubt as to whether this was a proper method of computing interest, directed that interest be computed from the last of each month, and not in advance, and the judgment was entered accordingly. This alleged error, therefore, is not well taken.

4. The fourth ground of error complained of by the appellant is, that there was no evidence in the record to establish the assumption by the Western Meat Company of any liability of the Blanchard Meat and Supply Company to pay rent for the premises in question. As heretofore stated, at the conclusion of the evidence both the plaintiff and the defendant moved the court for an instructed verdict. The court denied the motion of the defendant, and granted that to the plaintiff. In the case of Beuttell v. Magone, 157 U. S. 154, the Supreme Court of the United States laid down the rule in such cases: "x x x As, however, both parties asked the court to instruct a verdict, both affirmed that there was no disputed question of fact which could operate to deflect or control the question of law. This was necessarily a request that the court find the facts, and the parties are, therefore, concluded from finding made by the court, upon which the resulting instruction of law was given. The facts having been thus submitted to the court, we are limited in reversing its action to the consideration of the correctness of the finding of the law, and must affirm if there be any evidence in support thereof. Lehnen v. Dickson, 148 U. S. 71; Runkle v. Burnham, 153 U. S. 216." This rule has been generally followed by the federal

courts and the courts of New Mexico. Merwin v. Magone, 70 Fed. 776; Magone v. Origet, 70 Fed. 778; Savings Bank v. Woodruff, 14 N. M. 511; Empire State Cattle Co. v. Atchison T. & S. F. R. R. Co., 210 U. S. 1. In the last case cited, supra, the rule laid down in Beuttell v. Magone, was limited to the facts therein shown, the court holding in 210 U. S., that the fact that both parties asked for an instructed verdict does not preclude them upon a denial of their motion from requesting a submission of any disputed fact to the jury under proper instructions. In the case at bar the defendant made no further request, but stood upon his request for an instructed verdict. While the United States rule denies the right of review where there is *any evidence* to support the finding or verdict, this court has denied the right to review where there is any *substantial evidence.* Candelario v. Miera, 13 N. M. 360. Both parties being precluded from questioning the finding of fact, and the only power of the court upon appeal being to consider the correctness of the finding on the law and to affirm if there be any substantial evidence in support thereof, it only remains for us to determine whether there is any *substantial evidence* in the record showing that the Western Meat Company assumed the liability of the Blanchard Meat and Supply Company to pay rent for the premises in question. We think a complete answer to this is contained in plaintiff's exhibits 3, 4, and 5, portions of which we quote: Plaintiff's Exhibit 3. "Resolved, that, in accordance with the resolutions adopted by the stockholders of this Company on the 22nd day of June, 1907, all the property of this company, real, personal, or mixed, except the property authorized to be conveyed by the board of February 23, 1907, be sold and transferred to the Western Meat Company, for and in consideration of fifty-two thousand shares of the capital stock of said company of the par value of one dollar each and said The Western Meat Company to assume the liabilities of this company. x x x And, in order to carry out the foregoing. It is resolved by the Board of Directors of the Blanchard Meat and Supply Company that it is for the best interests of said company to sell and convey said property for the

sum of ten dollars ($10.00), and George L. Brooks, President, and Francis J. Wilson, Secretary, of said Blanchard Meat and Supply Company, are hereby authorized and directed to make, execute and deliver, for and in behalf of the said Blanchard Meat and Supply Company, a conveyance of said property, described as follows: That certain lot or parcel of land and real estate, situate, lying and being in the county of Bernalillo and Territory of New Mexico. x x x Also the south half of lots 13 and 14, in block 8, of the original townsite of Albuquerque." Plaintiff's Exhibit 4. "That the vendor has sold, assigned, transferred and set over unto the company, its successors and assigns, all its right, title and interest in and to the following described property, to-wit: All that certain stock of goods, furniture and fixtures which the vendor has been carrying and using in connection with its business in the city of Albuquerque, including all its property and assets of every kind and description, real, personal and mixed, excepting only such property as was authorized to be conveyed by the vendor, at its directors' meeting held on the 23rd day of February, 1907; it being understood that the party of the second part is to assume the liabilities of the parties of the first part." Plaintiff's Exhibit 5. "The Western Meat Company. Certificate of Incorporation. x x x x x x x To acquire and take over as a going concern the business now conducted and carried on by the Blanchard Meat and Supply Company, at 113 South First Street, in the city of Albuquerque, New Mexico; and any and all of the assets and liabilities of the proprietors of that business in connection therewith."

The appellee herein has filed a motion to affirm the judgment with ten per cent damages. Such motion is denied in so far as it calls for ten per cent damages, and the judgment of the lower court is affirmed, with costs.